IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:10-CV-03108-RPM

SPECIALIZED LOAN SERVICING LLC,

      Plaintiff / Counterclaim Defendant,

v.

INSURELUTIONS, INC. d/b/a THE IL GROUP,

      Defendant / Counterclaimant.

---

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

---

**IT IS HEREBY STIPULATED, AGREED, and ORDERED** that the provisions set forth below shall govern the production, review and handling of materials produced in the above captioned Lawsuit (the "Lawsuit").

1. All information, whether designated confidential or not, that is produced or exchanged in the course of the Lawsuit (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for purposes of this Lawsuit.

2. <u>Definitions</u>:

    (1) "Discovery Material" shall mean all documents, materials, interrogatory answers, testimony, or other information in paper, electronic, or any other form produced or disclosed by any Producing Entity, and the contents thereof, in discovery in this Lawsuit.

(2) "Privilege" shall mean the attorney-client privilege, the attorney-work product doctrine, or any other legally recognized privilege or doctrine that may apply to Discovery Material.

(3) "Producing Entity" shall mean any party or non-party who produces Discovery Material to any party in connection with this Lawsuit.

(4) "Receiving Party" shall mean any party who receives Discovery Material in this Lawsuit.

(5) "Confidential Information" shall mean any Discovery Material labeled as "Confidential" pursuant to this Protective Order.

(6) "Designating Entity" shall mean any Producing Entity who designates Discovery Material as Confidential Information.

3. Any Producing Entity may, subject to the provisions of this Stipulation and Protective Order ("Protective Order"), designate as "Confidential Information" any Discovery Material that the Designating Entity believes in good faith is confidential in that it contains confidential, non-public information, including, but not limited to: (1) financial information not publicly filed with any federal or state regulatory authority or otherwise publicly available; (2) trade secret information as defined under state or federal law; (3) personal information relating to any person or entity; (4) confidential or proprietary sales, pricing, marketing, design, licensing, operational, employment, compensation, competitive or other proprietary information not otherwise publicly available; (5) information pertaining to any party's strategic business decisions; and (6) information relating to non-public administrative, regulatory, or private dispute resolution proceedings.

4.  Discovery Material designated "Confidential Information" shall be maintained in confidence and, to the extent not otherwise prohibited by an order of the Court, shall only be disclosed to the following persons:

   a. The Court, its personnel, any other person (such as a master or mediator) who serves in a judicial or quasi-judicial function, professional videographers, stenographers, or court reporters engaged to transcribe testimony, and jurors;

   b. Counsel for the parties and employees or agents of such counsel, including private investigators, assigned to and necessary to assist such counsel in connection with the Lawsuit;

   c. The parties (including the officers, directors, and employees of the parties), as counsel for such party deems necessary to assist in connection with the Lawsuit;

   d. In-house counsel and insurers for the parties;

   e. Any experts or consultants retained to assist the parties in connection with the Lawsuit;

   f. Persons who have been noticed for depositions or subpoenaed for trial testimony in connection with the Lawsuit; provided, however, in any deposition or testimony in which Confidential Information is shown, referenced, or included as exhibits, that portion of the transcript of that deposition or testimony may be designated Confidential as provided herein;

g. Any person reflected as an author, addressee, or recipient of the Confidential Information being disclosed;

h. Clerical and data processing or other administrative personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving and review of Confidential Information, to the extent reasonably necessary to assist the parties or their counsel in connection with the Lawsuit; and

i. Any other person designated by the Court, upon such terms as the Court may deem proper.

5. Prior to the time that any person or entity listed in Paragraph 4, subsections (e), (f), (h), and (i) is given access to Confidential Information, such person or entity is provided with a copy of the Protective Order and such person or entity shall execute an undertaking in the form attached hereto agreeing to be bound by the Protective Order, which undertaking shall be retained by counsel for the party who disclosed the Confidential Information to such person or entity.

6. Nothing in this Protective Order shall limit any Producing Entity's use or disclosure of its own Confidential Information.

7. Nothing in this Protective Order shall be construed as indicating that any information is in fact Confidential Information or entitled to confidential treatment. The parties shall be obligated to challenge the propriety of a Confidential Information designation within sixty (60) days of receipt of Discovery Material designated as such. Unless good cause is found by the Court, failure to timely object to the Confidential Information designation shall preclude a

subsequent challenge thereto. In the event that any party objects to the designation of Discovery Material as Confidential Information, counsel for such party shall notify counsel for the Designating Entity in writing (the "Notice"). The objecting party shall identify the information in question and shall specify the reason(s) for the objection. Within seven calendar days of the receipt of the Notice, counsel for the Designating Entity and objecting party shall meet and confer in an effort to resolve any disagreement. If the parties cannot resolve their disagreement, the objecting party may file a motion seeking a ruling on the Designating Entity's designation of the Discovery Material as Confidential Information within seven (7) days of the sixty (60) day time period to object. The Designating Entity, however, shall have the burden of showing that the document or information is Confidential. While any such application is pending, the Confidential Information will remain confidential until the Court rules otherwise. Nothing in this Protective Order shall limit any Producing Entity's use or disclosure of its own Confidential Information.

    8. Any party to this Lawsuit or a Producing Entity who is not a party to this Lawsuit may designate information as "Confidential," including all or any portion of documents or other materials, as follows:

    a. Any documents or other tangible materials produced by a party or non-party may be designated as "Confidential" at any time by either (i) stamping or writing "Confidential Pursuant to Court Order," "Confidential Information," or "Confidential" on such material at or before the time of production or (ii) by notifying all other parties in writing of the Designating Entity's claim of confidentiality at any time

subsequent to the time of production. In order to provide the parties an adequate opportunity to designate discovery as "Confidential Information," all discovery produced in this case shall be deemed "Confidential Information," whether or not stamped with an appropriate legend, for a period of twenty (20) days following production. No party shall be held in breach of this Protective Order solely for disclosing documents or other tangible material to persons unauthorized to receive Confidential Information under this Protective Order if (i) such documents or other discovery have not been designated as "Confidential Information" by the Producing Entity and (ii) at least twenty (20) days have passed since the time such documents or other tangible material were first produced. Once a party receives notice that a Designating Entity has made a designation of confidentiality, such party shall treat the designated materials as "Confidential" in accordance with this Protective Order regardless of how much time has passed since the time the newly designated materials were first produced.

b. Deposition or other testimony and/or all or any part of any document or thing marked for identification may be designated as "Confidential Information" by any of the following means: (i) by stating orally on the record that the information is "Confidential Information" on the day the testimony is given; or (ii) by sending written notice designating information as "Confidential Information" within twenty (20) days after

receipt of the final deposition transcript. All information disclosed during a deposition shall be deemed to have been designated "Confidential Information" until twenty (20) days after the transcript has been received, whether or not portions of the transcript have been previously so designated. Deposition transcripts containing Confidential Information shall be bound and sealed and may only be examined by persons described in Paragraph 4 of this Protective Order as applicable.

    c. Where only parts of any testimony, documents, or other information or material are claimed to be Confidential, counsel claiming confidentiality shall designate the parts of said material for which confidentiality is claimed.

9. Nothing in this Protective Order shall require disclosure of any Discovery Material that the Producing Entity contends is protected from disclosure by Privilege. The inadvertent production of any Discovery Material or information protected by Privilege shall be without prejudice to any such claim of Privilege, and the Producing Entity shall not be held to have waived any rights by such inadvertent production. If a Producing Entity believes that privileged Discovery Material was inadvertently produced, the Producing Entity shall so notify the party to whom the Discovery Material was produced in writing and the Discovery Material shall immediately be considered privileged. The Receiving Party must immediately return any Discovery Material that was inadvertently produced and later designated privileged. The parties may, within five (5) days of receipt of such notification, meet and confer in an effort to resolve any disagreements with respect to the designation. If the parties cannot resolve their

disagreement, the Producing Entity may apply to the Court within fifteen (15) business days of the meet and confer for a ruling on the Producing Entity's claim of inadvertent production.

10. Any party issuing a subpoena to a non-party shall enclose a copy of this Protective Order and notify the non-party that the protections in the Protective Order are available to such non-party. Any non-party from whom discovery is sought in this Lawsuit may obtain the protection of this Order by designating its provision of discovery as subject thereto in the manner provided herein.

11. Nothing contained in this Protective Order shall be construed to have any effect on the admissibility or discoverability of any Confidential Information. Nothing contained in this Protective Order shall be construed to limit any party's right to use in Court any Confidential Information, except that no Confidential Information shall be filed in the public record absent the consent of the Designating Entity or an order of the Court so permitting. In the event that any Receiving Party wants to file with the Court any Confidential Information in the public record, that Party shall either file such material under seal or make an application to the Court, on notice to the Designating Entity in accordance with the procedures in Paragraph 7. In the event that any Confidential Information is filed under seal, such material, and any pleadings, motions or other papers filed with the Court disclosing any such material, shall be filed in a sealed envelope (or other sealed container) which shall be endorsed with the title of the action and the words "CONFIDENTIAL INFORMATION" and otherwise submitted in accordance with applicable Local Rules of Practice for the United States District Court for the District of Colorado, including, but not limited to D.C.COLO.LCivR 7.2, and, when necessary, filed electronically under seal. Regardless of who files the documents or information under seal, the

party claiming confidentiality of the documents or information shall have the burden of demonstrating the documents for information should remain sealed.

12.    The foregoing shall not prevent any appropriately marked second copy of any Confidential Information specifically intended for review by the Court from being hand-delivered to the Court to assure that the same is brought promptly to the Court's attention.

13.    The terms of this Protective Order shall remain in full force and effect until the Lawsuit is finally resolved, that is until all appeals relating to the Lawsuit have been exhausted or the time to appeal has expired ("Final Resolution"). The Court will retain jurisdiction over all persons and parties subject to or bound by this Protective Order for purposes of its enforcement.

14.    Upon Final Resolution, a party in possession of Confidential Information, other than that which is contained in pleadings, correspondence, deposition materials, and litigation files, shall, no later than 6 months after final resolution this Lawsuit, and at the election of the party in possession of the Confidential Information, either (a) return such Confidential Information to counsel for the party or non-party who provided such Confidential Information, or (b) upon request, destroy such Confidential Information and provide written confirmation to the producing party that such Confidential Information has been destroyed.

15.    The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

> a. was, is, or becomes public knowledge, such that the information is not covered by and its public use or disclosure is not a breach of this Protective Order; or

    b. is acquired by the Receiving Party from a third party having the right to disclose such information or material or is learned by the Receiving Party as a result of the Receiving Party's own independent efforts, investigation or inquiry.

16. This Protective Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Protective Order, or from agreeing with the other parties to modify this Protective Order, subject to approval of the Court.

17. Nothing herein shall prevent any Party from producing "Confidential Information" in response to a lawful subpoena or other compulsory process from a non-party to this Protective Order seeking production or other disclosure of Confidential Information, provided that the subpoenaed party gives prompt written notice to counsel for the Designating Entity and to counsel for all parties and permits counsel for any party or Designating Entity at least fourteen (14) calendar days to intervene and seek judicial protection from the enforcement of the subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued. In addition, the party receiving the subpoena or other legal process may produce Confidential Information in response to the subpoena or other legal process only if: (i) prior written consent of the Designating Entity has been obtained; (ii) the Court has ordered that the Confidential Information be produced; or (iii) the Designating Entity has been notified of the subpoena or other legal process pursuant to this paragraph, but has not, prior to the return date, moved for a protective order or otherwise sought remedial action.

18. If the Court does not sign and enter this Protective Order for any reason, the parties to this Protective Order shall remain bound by all of its terms and provisions, except as otherwise provided by governing law or by any subsequent Court order in this Lawsuit.

DATED this 10th day of May, 2011.

BY THE COURT:

_____
United States District Court Judge

Respectfully submitted on May 10, 2011 and approved by:

| SHERMAN & HOWARD L.L.C. | POSINELLI SHUGART PC |
|---|---|
| By: *s/ Christian H. Hendrickson* | By: *s/ Sean R. Gallager* |
| Christian H. Hendrickson, Esq. | Sean R. Gallagher, Esq. |
| John P. Box, Jr., Esq. | Gretchen E. Lipman, Esq. |
| 633 17th Street, Suite 3000 | 1515 Wynkoop St., Suite 600 |
| Denver, CO 80202 | Denver, CO 80202 |
| *Attorneys for Defendant and Counterclaimant InsureLutions, Inc. d/b/a The IL Group* | *Attorneys for Plaintiff and Counterclaim Defendant Specialized Loan Servicing LLC* |

## AGREEMENT TO ABIDE BY STIPULATED PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare that I have read in its entirety and understand the Stipulated Protective Order issued by the United States District Court for the District of Colorado in the case of *Specialized Loan Servicing LLC v. InsureLutions, Inc. d/b/a The IL Group*, Civil Action No. 1:10-CV-03108-RPM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I hereby promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after the termination of this action.


Date: _____


City and State where sworn and signed: _____


Printed name: _____


Signature: _____

12